**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| TRAVIS BASKIN, ADC #550594 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:17cv00268-JJV |
| | * | |
| ELKIN DARRELL, | * | |
| Doctor, Danville Jail, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM & ORDER**

**I.      INTRODUCTION**

Travis Baskin ("Plaintiff") is detained at the Yell County Detention Center and brings this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.) He says, "I take Hal[]dol for my mental medication which has been prescribed by my physician. Medications are monitored here and they are refusing to give it to me because it's a narcotic. The trouble is, according to other staff members, other inmates receive their narcotic medications." (*Id.* at 4.) Plaintiff has sued Darrell W. Elkin, who is licensed as a physician assistant.[1,2]

Defendant Elkin now moves for summary judgment claiming, *inter alia*, he is entitled to qualified immunity. (Docs. No. 17-19.) Plaintiff has not responded, and the time for doing so has passed. After careful review of the pleadings, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and Plaintiff's Complaint should be DISMISSED.

---

[1] https://www.armedicalboard.org/Public/verify/results.aspx?strPHIDNO=ASMB23031
[2] The Clerk shall amend the docket to reflect the correct name of Defendant Elkin, and his title of Physician Assistant at the Yell County Detention Center.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. ANALYSIS

### A. Official Capacity

Plaintiff has sued Defendant Elkin in both his personal and official capacities.  (Doc. No. 2 at 2.)  Official capacity suits "generally represent only another way of pleading an action against

2

an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id*. at 166. Thus, Plaintiff's official capacity claim against Defendant Elkin is to be treated as a claim against Yell County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91. A county cannot be held liable under § 1983 on a *respondeat superior* theory. *Id*. at 691. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff does not identify any official policy or unofficial custom of Yell County that caused or contributed to his alleged constitutional violation. He does not identify any specific policy or custom that caused a constitutional deprivation, and does not allege a written policy or pattern of widespread unconstitutional conduct was the moving force behind the violation of which he complains. *See Jane Doe A v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 646 (8th Cir. 1990). Accordingly, Plaintiff's official capacity claim should be dismissed.

### B.     Personal Capacity/Qualified Immunity

Defendant Elkin contends he is entitled to qualified immunity. (Doc. No. 18-3 at 5-6.) Qualified immunity protects government officials who acted in an objectively reasonable manner

and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether a defendant is entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] A defendant is entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

---

[3] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

1.      Denial of Medication Claim

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.[4] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991).  A prisoner advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs.  *Id.* at 297.  Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed.  *Id*. at 104-05.  However, an inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain."  *Id*. at 105.

Defendant Elkin says he was not deliberately indifferent to Plaintiff's serious medical need because Plaintiff was, in fact, receiving his Haldol.  (Doc. No. 19.)  Defendant Elkin has submitted Plaintiff's "Individual Inmate Medication Log."  (Doc. No. 18-2.)  The log reveals Mr. Baskin received Haloperidol beginning on April 27, 2017.  (*Id.*)  Haloperidol's brand name is Haldol, and this may have caused Plaintiff some confusion.  (Doc. No. 18-1 at 6.)  Nevertheless, Defendant Elkin has shown that Mr. Baskin was in fact receiving his prescribed medication.

Defendant Elkin has shown Plaintiff received the appropriate medical treatment, and Plaintiff's unsupported allegations to the contrary are insufficient at the summary judgment stage.

---

[4] Because Plaintiff was a pretrial detainee at the time of the alleged constitutional violations (Doc. No. 2 at 3), his claim is properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment.  *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam).  Nonetheless, the same "deliberate indifference" standard has been held to apply.  *Id*. at 152-53 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989)).

*See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569 (2000)) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.").

I do note that Mr. Baskin received his medication until May 7, 2017, when he apparently refused to take it. (18-2 at 6.) While I am somewhat concerned about the complete discontinuation of the medication based on one refusal, Mr. Baskin's Complaint is dated April 19, 2017 - well before his refusal and the discontinuation of his medication.

Accordingly, Plaintiff has failed to show Defendant Elkin was deliberately indifferent to a serious medical need by denying him necessary prescribed medication. Because the facts alleged or shown, construed in the light most favorable to Plaintiff, do not establish a violation of a constitutional or statutory right, Defendant Elkin is entitled to qualified immunity on Plaintiff's personal capacity claim against him.

## V.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Clerk shall amend the docket to reflect the correct spelling of Defendant Darrell W. Elkin, and his title of Physician Assistant at the Yell County Detention Center.

2. Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED.

3. Plaintiff's cause of action is DISMISSED with prejudice.

4. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order or accompanying Judgment would not be taken in good faith.

DATED this 5th day of February, 2018.

                                                    _____
                                                    JOE J. VOLPE
                                                    UNITED STATES MAGISTRATE JUDGE